UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FRANK ROMANO, SR.,

                Plaintiff,

      -against-

THE CITY OF NEW YORK,

                Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

09-CV-604 (ENV)

VITALIANO, United States District Judge:

On February 6, 2009, Plaintiff Frank Romano, Sr. ("Romano") brought this action *pro se* against the City of New York and the New York State Workers' Compensation Board. By Order dated April 30, 2009, the Court dismissed the claims against the Workers' Compensation Board, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) but granted plaintiff leave to file an amended complaint against the City of New York that stated a cognizable claim and a basis for the Court's jurisdiction, which the original complaint lacked. Plaintiff filed an amended complaint on May 21, 2009; however, this version again fails to establish either a basis for this Court's jurisdiction or to state a claim on which relief may be granted. Accordingly, Romano's amended complaint must be dismissed in its entirety.

## BACKGROUND

Plaintiff's September 16, 1978 injury and subsequent history of medical care and unpaid bills were summarized in this Court's prior order. The original complaint failed to present any federal question that would give this Court jurisdiction over plaintiff's claims. Moreover, the Court dismissed the Workers' Compensation Board as a defendant because this state agency is

1

immune to suit for damages under the Eleventh Amendment. Yet, because plaintiff is *pro se* and ordinarily entitled to liberal construction of his claims, the Court granted leave to file an amended complaint providing Romano another opportunity to identify a constitutional violation or other claim that could serve as the basis for this Court's jurisdiction over the remaining defendant.

The amended complaint gives additional details of plaintiff's medical care and financial circumstances and reiterates plaintiff's belief that the City of New York and the New York State Workers' Compensation Board should be responsible for his ongoing medical expenses. Romano's latest filing is a laundry list of constitutional amendments that have purportedly been violated. Specifically, he asserts that his First, Fifth, Sixth, and Seventh Amendment rights were violated during an investigation and hearing held by the Workers' Compensation Board. In addition, he invokes the Fourth Amendment relating to a fraud investigation allegedly spurred by the City of New York, which "used the power of the F.B.I." to take medical records from his doctor's office. Finally, he appears to allege anew that the Workers' Compensation Board violated his rights under the Fourteenth Amendment by denying his claims. Plaintiff further alleges that the City of New York should not have reduced his pension and states that his "pension should have never been touched after (29) years of being retired an agreed upon amount."

## DISCUSSION

As the Court previously explained, a district court must dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, a plaintiff seeking to bring a lawsuit in federal

court must establish that the court has subject matter jurisdiction over the action. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted).

In an attempt to supply the jurisdictional predicate missing in the original complaint, plaintiff now simply claims that specific constitutional rights were violated. Nevertheless, he has not stated still any facts that would support such allegations against the City of New York. The majority of the factual claims asserted in the amended complaint, moreover, involve proceedings before the Workers' Compensation Board—a defendant previously dismissed as immune from suit.

Romano does, however, flesh out his claims under the Fourth Amendment. They involve an alleged investigation by the Federal Bureau of Investigation into medical records apparently located at a medical office in Pennsylvania, which was conducted purportedly at the behest of the New York City Law Department. Nevertheless, the amended complaint has not identified any factual connection between the allegedly unlawful search or seizure and the City of New York that could establish that the defendant City would be liable to Romano for the monetary damages he seeks. Plaintiff does not even indicate who conducted the seizure, nor has he alleged that such a seizure occurred without a warrant or, alternatively, was pursuant to a defective warrant. See, e.g., Hudson Valley Black Press v. I.R.S., 307 F.Supp.2d 543, 547 (S.D.N.Y. 2004)("While we must liberally construe the pleadings of a *pro se* plaintiff, we cannot merely assume that plaintiff meant to allege that the defendants in this case seized [plaintiff's] property from private offices without a warrant or pursuant to a defective warrant in order to cure [plaintiff's] defective allegations").

More importantly, however, on the face of his allegation, the records allegedly seized

3

were the property of the medical practitioner and not Romano. Based on what he does assert, Romano can state no interest in the property seized at a premises not under his control. See United States v. Miller, 425 U.S. 435, 440-42 (1976)(rejecting Fourth Amendment challenge to bank's disclosure of depositor information); Webb v. Goldstein, 117 F.Supp.2d 289, 294-96 (E.D.N.Y. 2000)(rejecting Fourth Amendment challenge brought by plaintiff based on disclosure of prison medical records to law enforcement authorities since records neither belonged to nor were ever in plaintiff's possession). Even if Romano provided the medical practitioner with the information stated in the allegedly seized medical records with the expectation for such information to remain confidential, that is insufficient as the basis of a Fourth Amendment claim when it is the third party practitioner who permits or suffers the seizure of the records containing such information. Miller, 425 U.S. at 443 ("[T]he Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed.")(internal citation omitted).[1]

Simply stated, from the face of the amended complaint, there is no basis for Romano's Fourth Amendment claim, even holding his *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Lerman v. Bd. of Elections, 232 F.3d 135, 140 (2d Cir. 2000). Indeed, it is clear to the Court "beyond doubt that [Romano] can prove no set of facts in support of his [Fourth Amendment] claim which would entitle him to relief." Id. (internal citation omitted). Given this manifest futility

---

[1] In any event, any Fourth Amendment claim relating to an alleged seizure years gone by, even as to the City of New York against which more contemporary claims are asserted, would be barred by the three year statute of limitations. Such a claim against any other individual or government agency would certainly be time-barred.

4

further leave will not be given and Romano's Fourth Amendment claim is dismissed. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); 28 U.S.C. § 1915(e)(2)(B).

Similarly, regarding Romano's Fourteenth Amendment claim against the City of New York, which is the last remaining amended claim, plaintiff has failed to identify an entitlement that the City has withheld without due process of law. His amended complaint implies a claim related to the reduction of his pension, but it is unavailing. The gravamen of the claim is that "the City's Pension System reduced [his] pension" and that the reduction was improper because it was based on the finding that he was overpaid because of his workers' compensation payments. The proper forum for seeking redress for that kind of grievance, however, is through the administrative procedures established for such determinations. Courts have found that the availability of such procedures, regardless of result, satisfy the requirements of due process. See, e.g., Messer v. Board of Educ. of City of New York, No. 01-cv-6129, 2007 WL 136027, at * 19 (E.D.N.Y. Jan. 16, 2007)(finding that even if pension claimant was given opportunity to amend his complaint in his district court action, the procedures for adjudicating pension requests satisfy the requirements of due process so no due process violation claim could be made); see also Oberlander v. Perales, 740 F.2d 116 (1984)( holding that the availability of post-deprivation Article 78 proceedings did not violate due process).

Romano acknowledges in his amended complaint that he received an official notice of reduction to his pension as well as the corresponding reasons for that administrative action. (Amended Compl. at 5). It cannot be contested that New York provides an administrative review process for such determinations and, ultimately, judicial review by way of an Article 78 proceeding. Accordingly, plaintiff has failed to state a due process claim with respect to any reduction in his pension benefits on which relief may be granted. Here too, no saving

amendment of the claim alleged is possible. 28 U.S.C. § 1915(e)(2)(B); <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000). This claim is dismissed.

## **CONCLUSION**

For the foregoing reasons, the amended complaint is dismissed for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal taken from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
July 2, 2009

ERIC N. VITALIANO
United States District Judge